IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESHANTA BREWSTER, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                 No. 2:22-cv-12220

**MISSION POINT MANAGEMENT SERVICES, LLC**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff DeShanta Brewster ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendant Mission Point Management Services, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq*. ("WOWA").

2. Plaintiff seeks a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper wages under the FLSA and the WOWA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the WOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WOWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6. Plaintiff is an individual and resident of Macomb County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is Hari Mali at 30700 Telegraph Road, Suite 1510, Bingham Farms, Michigan 48025.

### IV. FACTUAL ALLEGATIONS

9. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles, fuel, medical equipment and medical supplies.

10. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Complaint.

11. Defendant is an employer within the meaning of the FLSA and the WOWA and has been, at all times relevant herein, Plaintiff's employer.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the WOWA.

13. Defendant employed Plaintiff as an Admissions Director from June of 2021 until July of 2022.

14. Plaintiff worked at Defendant's facilities in Clawson.

**A.     Unlawfully Late Pay**

15. In addition to Plaintiff, Defendant employed approximately 50 other employees at its Clawson facilities (hereinafter "Clawson employees").

16. Plaintiff and other Clawson employees were on the same payroll schedule. In other words, Plaintiff and other Clawson employees were all paid by Defendant on the same day.

17. In June of 2022, Defendant notified Plaintiff and other Clawson employees that their pay would be delayed.

18. Pursuant to Defendant's regular payroll schedule, Plaintiff and other Clawson employees should have been paid on June 29, but their pay was delayed until late afternoon on June 30.

19. In July of 2022, Defendant again notified Plaintiff and other Clawson employees that their pay would be delayed.

20. Pursuant to Defendant's regular payroll schedule, Plaintiff and other Clawson employees should have been paid on July 13, but their pay was delayed until late afternoon on July 14.

21. 29 C.F.R. § 778.106 states, "The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

22. In addition to requiring on-time payment of overtime wages, the FLSA requires on-time payment of minimum wages. *See generally Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

23. In other words, an FLSA violation occurs on the date an employer fails to pay its employees full wages owed.

24. Liquidated damages are due to employees who suffer an FLSA violation unless the employer can show that the failure to pay was in good faith (a subjective inquiry) and the employer had reasonable grounds for believing the failure to pay was not a violation of the FLSA (an objective inquiry).

25. Plaintiff and other Clawson employees therefore suffered FLSA violations on June 29 and July 13, 2022.

26. Plaintiff and other Clawson employees are entitled to liquidated damages in an amount equal to the amount of their pay which was delayed.

27. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**B. Misclassification**

28. Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the WOWA and paid her a salary.

29. As an Admissions Director, Plaintiff's primary duties were to communicate with the hospital and others regarding new patient admissions, review information for

potential new patients, oversee admissions marketing, and perform other administrative duties regarding admissions.

30. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

31. Plaintiff did not have the authority to hire or fire other employees, nor were her recommendations as to hiring or firing given particular weight.

32. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

33. Plaintiff's duties were rote and routine, and she sought input from supervisors when her duties were not rote or routine.

34. In carrying out her duties, Plaintiff followed the processes put in place by Defendant and others.

35. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

36. Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent as her primary duty.

37. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the WOWA.

38. Plaintiff regularly worked more than 40 hours per week during the relevant time-period.

39. Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

40. Defendant did not provide Plaintiff with a time keeping system by which Plaintiff could keep track of her time.

41. Defendant assigned Plaintiff so much work that she was generally unable to complete it in less than forty hours per week.

42. Defendant knew or should have known that Plaintiff worked hours over 40 in at least some weeks.

43. At all relevant times herein, Defendant deprived Plaintiff of regular wages and overtime compensation for all hours worked.

44. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified her as a salaried employee in order to avoid paying her an overtime premium for hours worked over 40 each week.

45. Defendant made no reasonable efforts to ascertain and comply with applicable law.

46. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the WOWA.

**C.  Retaliation**

47. On July 13, 2022, Plaintiff complained to Defendant about her pay being late.

48. Defendant terminated Plaintiff's employment on July 15, 2022.

49. Defendant terminated Plaintiff because she complained about being paid late.

50. Defendant's stated reason for terminating Plaintiff was that she refused to come in to work. However, Plaintiff worked from home on the day in question, which she did regularly and which she had informed Defendant of beforehand. Therefore, Defendant's stated reason for terminating Plaintiff's employment was mere pretext.

51. In other words, there was no legitimate reason for terminating Plaintiff's employment, but rather Defendant terminated Plaintiff solely because she complained about being paid late.

52. Defendant retaliated against Plaintiff in violation of 29 U.S.C. § 215.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

53. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.   Liquidated damages; and

B.   Attorney's fees and costs.

54. Plaintiff proposes the following collective under the FLSA:

**All Employees who worked at the Clawson location
and were paid late during June of 2022 and/or July of 2022.**

55. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

56. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They work at Defendant's Clawson location; and

    B. They were paid late during June of 2022 or July of 2022.

57. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 50 persons.

58. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

59. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

60. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA—Late Pay)

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

62. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. The FLSA requires employers to pay their employees wages by the next regularly scheduled pay day.

64. Defendant failed to pay Plaintiff wages due on the scheduled pay day.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA—Misclassification)

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

71. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

72. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

73. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

74. Defendant failed to pay Plaintiff a lawful overtime premium for hours worked over forty each week, despite her entitlement thereto.

75. Defendant knew or should have known that its actions violated the FLSA.

76. Defendant's conduct and practices, as described above, were willful.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA—Retaliation)

80. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

81. Defendant's termination of Plaintiff was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

82. Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

83. Plaintiff engaged in protected activity by complaining about her pay.

84. Defendant terminated Plaintiff's employment in a clear act of retaliation against Plaintiff solely due to her complaint.

85. Plaintiff should be reinstated to her employment and compensated for lost income due to Defendant's unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendant's actions.

86. Further, punitive damages should be assessed against Defendant for its blatant and willful actions to retaliate against Plaintiff for her assertion of her rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

### IX.   FOURTH CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

87. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

88. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

89. The FLSA requires employers to pay their employees wages by the next regularly scheduled pay day.

90. Defendant failed to pay Plaintiff and other similarly situated employees wages due on the scheduled pay day.

91. Defendant knew or should have known that its actions violated the FLSA.

92. Defendant's conduct and practices, as described above, were willful.

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and other similarly situated employees for liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

94. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

95. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and other similarly situated employees as provided by the FLSA, Plaintiff and other similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

### X. FIFTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the WOWA)

96. Plaintiff asserts this claim for damages and declaratory relief pursuant to the WOWA, MCL § 408.931, *et seq*.

97. Defendant was an "employer" within the meaning of the WOWA, MCLS § 408.932(d).

98. Plaintiff was an "employee" within the meaning of the WOWA, MCLS § 408.932(c).

99. The WOWA requires employers to pay employees a minimum wage for up to 40 hours each week and to pay 1.5x regular wages for all hours worked over 40 each week.

100. Defendant failed to pay Plaintiff 1.5x minimum wage for all hours worked over 40 each week.

101. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the WOWA.

102. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid wages due to her in an amount to be determined at trial, plus liquidated damages and attorneys' fees, including costs.

## XI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff DeShanta Brewster, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the WOWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the WOWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the WOWA and their related regulations;

  E. Judgment for compensatory damages owed to Plaintiff under 29 U.S.C. § 216(b);

  F. Reinstatement of Plaintiff to her former employment under 29 U.S.C. § 216(b);

  G. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  H. Such other and further relief as this Court may deem just and proper.

            Respectfully submitted,

            **DESHANTA BREWSTER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

            SANFORD LAW FIRM, PLLC
            Kirkpatrick Plaza
            10800 Financial Centre Pkwy, Suite 510
            Little Rock, Arkansas 72211
            Telephone: (501) 221-0088
            Facsimile: (888) 787-2040

            */s/ Josh Sanford*
            Josh Sanford
            Ark. Bar No. 2001037
            josh@sanfordlawfirm.com