IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESHANTA BREWSTER, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 2:22-cv-12220-MFL-DRG

**MISSION POINT MANAGEMENT SERVICES, LLC**      **DEFENDANT**

### PLAINTIFF'S OPPOSED MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

Plaintiff DeShanta Brewster ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys of Sanford Law Firm, PLLC, for her Opposed Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, states and alleges as follows:

1. Plaintiff brought this suit on behalf of certain former and current employees of Defendant Mission Point Management Services, LLC ("Defendant"), to recover liquidated damages on late wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff asks this Court to conditionally certify the following collective:

> **All employees who worked at Defendant's Clawson location and were paid late during June of 2022 and/or July of 2022.**

3. Plaintiff and the members of the collective are sufficiently similarly situated that conditional certification of the proposed collective is appropriate.

4. Attached as Exhibits 1 and 2, respectively, are the *Notice* and *Consent to*

Page 1 of 4
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Motion for Conditional Certification, etc.

*Join* proposed by Plaintiff for distribution in this case. Attached as Exhibit 3 is the *Electronic Notice* proposed by Plaintiff for electronic distribution in this case. The *Notices* and *Consent* make no comment on the merits of the case. The *Notices* are narrowly drawn to notify potential collective members of the pending litigation, the composition of the collective and their right to "opt in" to the litigation.

5. Plaintiff requests a period of ninety days to distribute the *Notice* and file *Consent* forms with this Court and requests this Court to enter an Order directing Defendant to produce the names, last known home and work addresses, phone numbers and email addresses of potential opt-in plaintiffs no later than seven days after the date of the entry of the Order granting this Motion.

6. Plaintiff requests that this Court permit her to provide the *Notice* to potential opt-in plaintiffs through U.S. Mail and email and that this Court permit Plaintiff to distribute a follow-up reminder notice via email or U.S. Mail.

7. Plaintiff incorporates her Brief in Support of this Motion, filed concurrently herewith.

8. In support of her Motion, Plaintiff incorporates the following exhibits:

    Ex. 1: Proposed Notice of Right to Join Lawsuit ("*Notice*");
    Ex. 2: Proposed Consent to Join ("*Consent to Join*");
    Ex. 3: Proposed Email Text ("*Email Text*");
    Ex. 4: Proposed Reminder Postcard ("*Postcard*");
    Ex. 5: Declaration of Josh Sanford; and
    Ex. 6: Declaration of DeShanta Brewster.

9. In compliance with Local Rule 7.1, Plaintiff's counsel has conferred with Defendant's counsel, and this Motion is opposed. Counsel for the Parties spoke by telephone twice on November 28, 2022. Thereafter, Counsel for Plaintiff emailed PDFs of all of the proposed filings. Counsel for Defendant is not able to agree on behalf of

Page 2 of 4
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Motion for Conditional Certification, etc.

Defendant.

WHEREFORE, premises considered, Plaintiff prays that the Court conditionally certify the proposed collective; that Defendant be ordered to provide the names and last known mailing addresses, cell phone numbers, and email addresses of all potential collective members no later than seven days after the date of the entry of the Order granting this Motion; for approval and sending of the attached *Notice* and *Consent to Join* forms to all collective members as set forth herein, including leave to send a reminder email (or alternatively a follow-up postcard), beginning thirty days after the opt-in period begins, to potential plaintiffs who have not responded to the *Notice*; that the Court grant counsel a period of ninety days during which to distribute the *Notice* and to file opt-in plaintiffs' *Consent* forms with this Court; that the Court approve of Plaintiff's proposed language for electronic distribution of *Notice*; for costs and a reasonable attorney's fee; and for all other relief to which Plaintiff may be entitled.

Respectfully submitted,

**DESHANTA BREWSTER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 3 of 4
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Motion for Conditional Certification, etc.

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the document to which this certificate has been appended was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

William E. Altman, Esq.
Sarah G. Bennett, Esq.
FISHER & PHILLIPS LLP
300 Park Street, Suite 370
Birmingham, MI 48009
(248) 540-8019
sbennett@fisherphillips.com
waltman@fisherphillips.com
Attorneys for Defendant

                                              /s/ Josh Sanford
                                              **Josh Sanford**

Page 4 of 4
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Motion for Conditional Certification, etc.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESHANTA BREWSTER, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 2:22-cv-12220-MFL-DRG

**MISSION POINT MANAGEMENT SERVICES, LLC**            **DEFENDANT**

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION</u>**

## I.     INTRODUCTION

Plaintiff DeShanta Brewster (hereinafter "Plaintiff") has alleged that Mission Point Management Services, LLC (hereinafter "Defendant") failed to pay Plaintiff and other similarly situated employees wages due on the scheduled pay day in violation of the Fair Labor Standards Act ("FLSA"). Accordingly, Plaintiff requests that this Court conditionally certify a collective action pursuant to Section 216(b) of the FLSA. In addition, Plaintiff requests approval of her practical, common-sense plan for facilitating notice to potential class members. Because the clock is running against all potential opt-ins, Plaintiff requests expedited review of his Motion as described below.

## II.     ARGUMENT

**A.     This Court Should Conditionally Certify the Proposed Collective Action for Notice Purposes.**

1. <u>Plaintiff may obtain conditional certification of a collective upon a modest factual showing that she is "similarly situated" to the other proposed collective members.</u>

In addition to suing on his own behalf, Plaintiff may obtain early conditional

Page 1 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

certification of a collective action if she makes a modest factual showing that she is "similarly situated" to other collective members. *See* 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). [1]

Courts have the discretion to certify a collective and issue orders authorizing notice to potential members of the collective of the opportunity to "opt in" to a collective action. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The key issue presented to the court exercising such discretion is whether the persons to whom notice would go are "similarly situated" to the named plaintiff. 29 U.S.C. § 216(b); *O'Brien*, 575 F.3d 567, 583 (6th Cir. 2009); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b).

The Sixth Circuit has held that plaintiffs are similarly situated when their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *O'Brien*, 575 F.3d at 585). Plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation to all the plaintiffs.

---

[1] A "collective action" differs from a Rule 23 class action in several respects. In a Rule 23 <u>class</u> action, "a putative class acquires an independent legal status once it is certified . . . . Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) and 29 U.S.C.S. § 216(b) (LEXIS 2016)). Also, in *Hoffmann-La Roche*, the Supreme Court held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt in" to a collective action. 493 U.S. at 169. This is directly contrary to the Rule 23 class action mechanism of "opting out" of a certified class.

Page 2 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

*Id.*; *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 895 (S.D. Ohio 2016). The FLSA does not define the term "similarly situated," and the Sixth Circuit has declined "to create comprehensive criteria for informing the similarly-situated analysis," but showing a "unified policy" of violations is not required. *O'Brien*, 575 F.3d at 584–85. (citation omitted).

While generally, a plaintiff must present evidence, such as a sworn allegation, that he or she suffered from the defendant's allegedly illegal policy to become part of the similarly situated FLSA collective, courts have recognized that the full body of evidence may not be available to named plaintiffs before all putative collective members have received notice of the action, and named plaintiffs often require the court's assistance in sending notice to putative collective members. *See O'Brien*, 575 F.3d at 586.

To solve this problem, most federal courts apply a two-step approach to FLSA collective action certification. *See*, *e.g.*, *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546 (6th Cir. 2006); *Jimenez v. Lakeside Pic-N-Pac, LLC*, 2007 WL 4454295, at *2, fn. 3 (W.D. Mich. Dec.14, 2007). While the Sixth Circuit has not required district courts to employ the two-stage process (*see*, *e.g.*, *O'Brien*, 575 F.3d at 583–85 (discussing the district court's use of the two-stage process without approving or disapproving of the approach)), a majority of circuit and district courts have endorsed and utilized the two-stage process. *See Finney v. Free Enter. Sys.*, 3:08-cv-383-S, 2009 U.S. Dist. LEXIS 31215, at *5 (W.D. Ky. April 11, 2009) (citing *Comer*, 454 F.3d at 546). *See also Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010) (approving, though not requiring, district courts to use the two-step certification process); *Whalen*, 85 Fed. Cl. at 383 ("[O]ver the past several years, most courts have generally employed a two-step approach in determining whether it is appropriate to certify a collective action in a given case." (citations omitted)); *Hipp v.*

Page 3 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

*Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (endorsing, though not requiring, district courts to use the two-stage process); *Thiessen*, 267 F.3d at 1102–05 (finding the district court did not err in using the two-stage process, and noting two other approaches courts have used); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011) ("[A] majority of courts, including district courts in the Ninth Circuit, have adopted a two-stage certification procedure." (citations omitted)); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) ("The great majority of these courts—including most or all of the district courts within the Eighth Circuit—have championed a two-step approach to determine collective action certification under § 216(b)." (citations omitted)).

This two-tiered approach envisions an initial "conditional certification" for notice purposes early on in a case (known as the "notice stage"), and then a second stage to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. At step one, when an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a collective at the early stages of discovery based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations as to all putative collective members. *See O'Brien*, 575 F.3d at 585-86 (requiring an allegation that each putative collective member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F.Supp.2d 957, 959, 961 (W.D. Mich. 2009) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties).

Page 4 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

"This initial standard is *fairly lenient*, and in order to meet this standard, plaintiffs must simply submit evidence establishing at least a *colorable basis for their claim* that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (internal quotations omitted) (emphasis added). The evidentiary standard is low because, at this stage in the suit, little to no discovery has occurred between the parties. *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242 (W.D. Mich. 2011). The standard of proof must also remain low "because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. Plaintiffs need only show that their positions are similar, not identical, to putative plaintiffs. *Hipp*, 252 F.3d at 1217 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)).

Further, the "[c]ourt does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009); *see also Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1042 (S.D. Ohio 2018) ("During the conditional certification phase, a court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.") (internal quotation marks omitted); *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *15–16 (S.D. Ohio May 25, 2018) (refusing to consider merits-based arguments and noting that "a merits inquiry. . . is off-limits to this Court at the conditional certification stage" (internal quotation marks omitted)).[2]

---

[2] *See also Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 771 (N.D. Ohio 2015) ("Requiring any more factual support from plaintiffs at this early stage, or weighing [defendant's] competing factual assertions, would intrude improperly into the merits of the action, imposing a burden

Page 5 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

If a court decides to conditionally certify a collective, it may then facilitate notice to all putative collective members. *Gayle v. United States*, 85 Fed. Cl. 72, 77 (Fed. Cl. 2008) ("If a plaintiff is able to satisfy the first step, the collective action will be conditionally certified and notice may be sent to potential collective action plaintiffs."). Step two occurs after the putative collective has been notified and discovery is complete. In step two, the plaintiffs cannot rest on the pleadings and affidavits of named plaintiffs. They must present sufficient evidence indicating that each plaintiff suffered from the defendant's unified illegal policy, such as a sworn allegation from each individual plaintiff. *See O'Brien*, 575 F.3d at 586. If some members of the conditionally certified collective fail to allege or present evidence that they suffered from the defendant's unified and allegedly illegal policy, the court should partially decertify the collective to exclude those members, or, if partial decertification is not possible, the court should decertify the entire collective. *Id*.

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) (explaining that the court's decision is "usually based only on the pleadings and any affidavits which have been submitted"); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940

---

upon plaintiffs to prove the factual predicates of their claim as a precondition to obtaining preliminary conditional certification."); *O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-0022, 2014 U.S. Dist. LEXIS 27408, at *13 (S.D. Ohio Mar. 4, 2014) ("[A]t the preliminary certification stage, any conflicts and reasonable inferences have to be resolved in Plaintiff's favor.").

**Page 6 of 16**
**DeShanta Brewster, et al. v. Mission Point Management Services, LLC**
**U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG**
**Brief in Support of Motion for Conditional Certification, etc.**

(E.D. Ark. 2007) (same).

2. <u>Plaintiff Has Made a Sufficient Factual Showing that Other Employees Are Similarly Situated to Plaintiff.</u>

Plaintiff has made a sufficient factual showing that there are other employees for Defendant who are similarly situated to Plaintiff in this case. Defendant and operates a nursing home in Clawson. Declaration of DeShanta Brewster ("Decl. Brewster") ¶ 3, Ex. 6. Plaintiff worked for Defendant as an Admissions Director from June of 2021 until July of 2022 at the Clawson facilities. *Id*. at ¶ 4. Defendant employed approximately 50 other employees at its Clawson facilities (hereinafter "Clawson employees"). *Id*. at ¶ 5. Plaintiff and other Clawson employees were on the same payroll schedule. *Id*. at ¶ 6. In other words, Defendant paid all its Clawson employees on the same day. *Id*. In June of 2022, Defendant notified Plaintiff and other Clawson employees that their pay would be delayed. *Id*. at ¶ 7. Under their regular payroll schedule, Plaintiff and other Clawson employees should have been paid on June 29, but their pay was delayed until late afternoon on July 1. *Id.* In July of 2022, Defendant again notified Plaintiff and other Clawson employees that their pay would be delayed. *Id*. at ¶ 8. They should have been paid on July 13, but their pay was delayed until late afternoon on July 15. *Id.* These delays applied to all employees at the Clawson facility. *Id*. at ¶ 9. The pay delays were unsettling and caused Plaintiff and other Clawson employees undeserved financial concern and worry. *Id*. at ¶ 10. Based on the number of other employees who worked with Plaintiff at the Clawson facility, Plaintiff estimates that there are 50 or more employees like her whose pay was delayed beyond their regular payday. *Id*. at ¶ 11.

Defendant's actions resulted in Defendant's failure to compensate its employees as required by the FLSA. These initial facts are more than sufficient to meet Plaintiff's

Page 7 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

lenient burden to show that the potential collective members are similarly situated. Therefore, this Court should conditionally certify a collective of all employees who worked at Defendant's Clawson location and were paid late during June of 2022 and/or July of 2022, and make appropriate orders for notice, as discussed below.

**B.     The Court Should Approve and Allow the Distribution of Plaintiff's Collective Action Notice and Consent to Join.**

The Court should authorize notice to putative collective members at this stage of litigation because it would advance the remedial goals of the FLSA and promote judicial efficiency. In furtherance of the FLSA's "broad remedial" purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 173 (1989); *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1047 (Mar. 22, 2016); *Hussein v. Capital Bldg. Servs. Grp., Inc.,* 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015). A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. *See e.g., id.; Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

Further, courts should exercise their broad discretion to facilitate notice in a way that reaches the largest possible number of potential opt-in plaintiffs. *See Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335-AGF, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice

Page 8 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

based on the facts of each case . . . . At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

The Notice (Ex. 1) and Consent to Join (Ex. 2) proposed by Plaintiff provide a fair and accurate description of this lawsuit. Plaintiff requests a period of ninety (90) days during which to distribute Notice and file opt-in Plaintiffs' consent forms with the Court. Many potential collective members may have contact information that differs from Defendant's records, and Plaintiff's counsel will need at least ninety (90) days to locate and effectively send notice to collective members and to provide collective members a meaningful opportunity to join this suit. *See Smith v. Generations Healthcare Servs. LLC*, No. 2:16-CV-807, 2017 U.S. Dist. LEXIS 106583, at *20 (S.D. Ohio July 11, 2017) ("90 days is a standard notice period and fair in this case").

Plaintiff requests that she be permitted to provide putative collective members with notice via U.S. mail and email. Electronic communication in the form of email is a common, appropriate and efficient manner of communicating with plaintiffs and putative collective members and is generally used in conjunction with traditional mailing. *Butler*, 876 F. Supp. 2d at 575 ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted).[3] Indeed, service by both mail and email works to advance

---

[3] *See also* Order at 11, *Gronefeld v. Integrated Prod. Servs., Inc.*, 5:16-cv-55 (W.D. Tex. April 26, 2016), ECF No. 21 ("Email is not the wave of the future; [it] is the wave of the last decade and a half."); Order at 13, 16, *Cummings v. Bost, Inc.*, No. 2:14-cv-2090-PKH (W.D. Ark. April 13, 2015), ECF No. 60 (citing *Davenport v. Charter Comms. LLC*, 2014 WL 2993739, *9 (E.D. Mo. July 3, 2014)); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, at *59–61 (D. Or. Oct. 10, 2013) (citing *Alequin v. Darden Rests., Inc.*, No. 12-61742-CIV, 2013 U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013)); *Ritz v. Mike Rory Corp.*, No. 12 CV 367 (JBW)(RML), 2013 U.S Dist. LEXIS 61634, 2013 WL 1799974, at *5 (E.D.N.Y.

Page 9 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

the remedial goals of the FLSA because it increases the likelihood that all potential opt-in plaintiffs will receive notice. *Atkinson v. TeleTechHoldings, Inc.*, No. 3:14-cv-253, 2015 U.S Dist. LEXIS 23630, *12 (S.D. Ohio Feb. 26, 2015). In some cases, Courts have endorsed notice via three or more methods at once. In *Irvine v. Destination Wild Dunes Mgmt.*, the Court reasoned as follows:

> The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d 707, 711 (D.S.C. 2015).

To facilitate notice via electronic mail, this Court should approve of Plaintiff's proposed procedure for disseminating notice by email, which is simple and easy for the Court to monitor. An electronic version of the Notice is filed herewith as Exhibit 3. This Court should approve of the language that Plaintiff intends to use in the body of the email containing the Notice and the link to the Consent to Join, as reflected in Exhibit 3. Plaintiff's counsel's email includes a link to www.docusign.com or an equivalent online signature service,[4] where the recipient can access an electronic version of the Consent to Join and gives instructions for signing the Consent electronically to avoid some minor

---

Apr. 30, 2013); *Rehberg v. Flowers Foods, Inc.*, No. 3;12cv596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013); *Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18–19 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases).

[4] More information about DocuSign is available at https://www.docusign.com. Many courts have already approved of the use of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

Page 10 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

but common mistakes. *See* Exhibit 5, Declaration of Josh Sanford (hereinafter "Sanford Decl.") ¶¶ 21–25.

From the website, collective members may print the Notice or read it in electronic form. Putative collective members who wish to join the lawsuit can then choose to print, sign and return a paper copy of the Consent to Join form or electronically sign the Consent to Join form using the DocuSign service. This is similar to the process used in *Dempsey v. Jason's Premier Pumping Servs., LLC*, No.15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322, at *4–5 (D. Colo. Nov. 11, 2015). *See also* Order, *Bradley v. Crittenden County., Ark.*, No. 3:18-cv-29-DPM (E.D. Ark. Nov. 5, 2018), ECF No. 51.

Finally, Plaintiff requests that the Court allow Plaintiff's counsel to send a follow-up Postcard via regular U.S. Mail (Ex. 4) and a follow-up email (Ex. 3) to any collective members who have not responded 30 days after the mailing of the initial Notice. In light of Plaintiff's counsel's experience and knowledge of mail delivery problems from other collective action FLSA cases, this Postcard would provide a fair and equitable solution to ensure that all members of the proposed collective who want to join the lawsuit are able to, and this would not cause unfair prejudice to Defendant. *See* Sanford Decl. ¶ 16.

Mail delivery problems are unavoidable in collective actions. *See* Sanford Decl. ¶¶ 5–14. In counsel's experience, mail delivery problems have actually prevented some members of a putative collective from joining collective actions when they in fact wanted to join. *See id*. Notices sent by the Sanford Law Firm have been lost, even when the addresses were correct. *See Id*. ¶ 6. Not only are notices lost going to putative collective members, but consent forms have also been lost after having been signed and mailed back to the Sanford Law Firm. *See Id*. ¶¶ 7–9. In other cases, Plaintiff's

Page 11 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

counsel has received several telephone calls from recipients of postcards who did not receive the original notice. *See Id*. ¶ 11. Plaintiff's counsel has also received undeliverable envelopes as much as 1,010 days after their original mailing. *Id*. ¶ 13. Allowing Plaintiff's counsel to send the Follow-Up Postcard to any collective members who have not responded within thirty (30) days after the mailing of the initial Notice would provide a fair and equitable solution to ensure that all members of the collective who want to join the lawsuit are able to. *See Id*. ¶ 16.

Courts have routinely approved the sending of follow-up postcard reminders by mail and email. Such follow-up reminders contribute to dissemination among similarly situated employees and serve what the Supreme Court in *Hoffmann-La Roche* recognized as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172. The reminder also serves the purpose "to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345 (NRB), 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sept. 20, 2013). Accordingly, courts around the country, have recognized the usefulness of a reminder notice. *See, e.g.*, *Harger v. Fairway Mgmt.*, No.2:15-cv-04232-NKL, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016); *Woods v. Caremark PHC, LLC*, No. 4:14-cv-583-SRB, 2016 U.S. Dist. LEXIS 138021, *12 (W.D. Mo. Aug. 2, 2016); *Davis v. Bd. Of Trs. Of N. Kan. City Hosp.*, No.14-06250-cv-W-ODS, 2015 U.S. Dist. LEXIS 94325, *5–6 (W.D. Mo. July 21, 2015); *Ortiz-Alvarado v. Gomez*, No. 14-209 (MJD/SER), 2014 U.S. Dist. LEXIS 112036, *15–16 (D. Minn. Aug. 13, 2014). The reminder postcard and reminder email are similarly appropriate here. The language

Page 12 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

of and distribution plan for Plaintiff's proposed reminder Postcard should be approved.

### C. The Court Should Order Defendant to Provide the Names and Last Known Home, Work, and Email Addresses of Potential Opt-in Plaintiffs in an Appropriate Importable Electronic Format.

To facilitate the sending of the Notice and Consent forms, Plaintiff asks this Court for an Order directing Defendant to disclose, within one week of this Court's Order granting conditional certification, all contact information for those who meet the definition of the proposed collective in a useful format such as an Excel spreadsheet. If not via an Excel spreadsheet, the information should be in some other importable and malleable electronic format. The information includes but is not limited to (1) the names of each and every potential plaintiff employed by Defendant who worked at Defendant's Clawson location and were paid late during June of 2022 and/or July of 2022, including any known aliases they may have gone by or go by now; (2) the last known mailing addresses of the employee for the same time period; and (3) any and all email addresses and phone numbers.

In *Hoffman-La Roche*, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. Trial courts routinely order disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. *Id*. Accordingly, Plaintiff asks that the Court order Defendant to produce the requested information no later than one week after the date of the entry of the Order granting the current Motion.

### III.   EXPEDITED REVIEW REQUIRED

Plaintiff further requests expedited consideration of the certification motion and expedited production of information for notice. Plaintiff in collective actions are entitled to

Page 13 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

such treatment. *Adams*, 2017 U.S. Dist. LEXIS 177470 at *3 ("Because this case needs to be expedited, the Court will not write a lengthy opinion discussing the law of conditional certification."). "Sending notice to potential class members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management." *Boudreaux v. Schlumberger Tech. Corp.*, 2015 U.S. Dist. LEXIS 22870 (W.D. La. February 25, 2015); see also *Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F.Supp. 418 (M.D. Ala. Oct. 30, 1981) (citing *Hoffman-La Roche*, 493 U.S. at 173). In FLSA collective actions—unlike Rule 23 class actions—the statute of limitations for the FLSA claims of potential opt-in Plaintiff is *not tolled* by a plaintiff's initial filing of the complaint absent a Court order. 29 U.S.C. § 256(b). Thus, delay in disseminating notice to potential Plaintiffs can prejudice their rights. *See Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in . . . early certification and notice are favored in order to protect Plaintiff's rights."); *accord Floyd v. Lowe's Companies, Inc.*, No. 2:04-cv-774, 2005 WL 6742234, at *3-4 (S.D. Ohio May 11, 2005) (Because the "statute of limitations period continues to run against each potential class member . . . it is *widely accepted* that, at the notice stage . . . the plaintiff's burden . . . is *extremely light*.") (emphasis added). Accordingly, Plaintiff asks the Court to adopt the following deadlines and notice plan:

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **7 Days After Order Approving Notice** | Defendant to produce the names, last known addresses, e-mail addresses, and phone numbers of the collective members in a usable electronic format. |
| **14 Days After Order** | Plaintiff's Counsel to send by U.S. Mail and email message a copy of the Court- |

Page 14 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **Approving Notice** | approved Notice and Consent Form to the collective members. |
| **90 Days After Mailing of Notice** | The collective members shall have 90 days to return their signed *Consent* forms for filing with the Court. |
| **30 Days After Mailing of Notice** | Plaintiff's Counsel is authorized to send a follow-up Postcard by U.S. Mail to those collective members who did not respond to the initial notice. |

## IV. CONCLUSION

Because of the goals and purposes of the FLSA and the information available to the parties at the outset of a case, Plaintiff's burden at this stage is lenient. The attached declaration provides ample factual basis to support conditional certification. As employees for Defendant, Plaintiff and putative collective members were uniformly subject to the same late payment of wages that led to the violations of the FLSA alleged herein. For these reasons, Plaintiff respectfully requests that this Court certify the collective as described above.

Plaintiff further respectfully requests that upon granting certification this Court: (1) order Defendant to produce the contact information of those putative collective members, no later than one week after the date of the entry of the Order granting the current motion; (2) approve the form of the Notice, Consent to Join and Postcard filed herewith; (3) approve the distribution of the Notice, Consent, and Postcard through both U.S. mail and email; and (4) grant counsel a period of ninety (90) days, to begin seven days from the date Defendant fully and completely releases the potential collective members' contact information during which to distribute the Notice and to file Consent forms.

Page 15 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.

Respectfully submitted,

**DESHANTA BREWSTER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the BRIEF to which this certificate has been appended was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

William E. Altman, Esq.
Sarah G. Bennett, Esq.
FISHER & PHILLIPS LLP
300 Park Street, Suite 370
Birmingham, MI 48009
(248) 540-8019
sbennett@fisherphillips.com
waltman@fisherphillips.com
Attorneys for Defendant

*/s/ Josh Sanford*
**Josh Sanford**

Page 16 of 16
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Motion for Conditional Certification, etc.