IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESHANTA BREWSTER, Individually and on**        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.               No. 2:22-cv-12220-MFL-DRG

**MISSION POINT MANAGEMENT SERVICES, LLC**        **DEFENDANT**

<u>**PLAINTIFF'S PRETRIAL DISCLOSURE SHEET**</u>

Plaintiff DeShanta Brewster, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through her attorney, Josh Sanford of Sanford Law Firm, PLLC, and for her Pretrial Disclosure Sheet does hereby state as follows:

**1.**      **Identity of the party submitting information.**

Plaintiff DeShanta Brewster, individually and on behalf of all others similarly situated, by and through their attorneys of Sanford Law Firm, PLLC.

**2.**      **Names, addresses, and telephone numbers of all counsel for the parties.**

Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (800) 615-0088, Facsimile: (888) 787-2040; Email: josh@sanfordlawfirm.com.

**3.**      **A brief summary of the claims and relief sought.**

This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq.* ("WOWA"). Plaintiff seeks a declaratory judgment, monetary and

liquidated damages, prejudgment interest, and a reasonable attorney's fee and cost as a result of Defendant's failure to pay proper wages under the FLSA and the WOWA.

One of the primary issues to be decided at trial is the extent of Plaintiffs' damages, which turns on the number of hours worked by Plaintiffs for Defendant and Defendant's failure to pay Plaintiff and other similarly situated employees' wages due on the scheduled pay day. The other primary issues to be decided are Plaintiff DeShanta Brewster's misclassification as exempt from the overtime requirements of the FLSA and her termination from Defendant was a clear act of retaliation against her solely due to her complaint about not being paid on scheduled pay days.

### 4.      Prospects of settlement.

Substantive but informal settlement negotiations have taken place to date. Plaintiff remains optimistic that a settlement can take place before the need for a trial and the unnecessary expenses attributed to a trial.

### 5.      The basis for jurisdiction and objections to jurisdiction.

Plaintiff seeks relief under the FLSA, 29 U.S.C. § 201, *et seq.* Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. Plaintiff also seeks relief under the WOWA, which is within this Court's supplement jurisdiction pursuant to 28 U.S.C. § 1367(a), because the claim forms part of the same case or controversy and arises out of the same facts as the FLSA claims. Venue is proper pursuant to 28 U.S.C. § 1391, because the State of Michigan has personal jurisdiction over Defendant and therefore Defendant "resides" in Michigan, and the acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Southern Division of the Eastern District of Michigan. Plaintiffs know of no objections to jurisdiction or venue.

**6.      List of pending motions.**

None.

**7.      A concise summary of the facts.**

Defendant operates a business out of a facility in Clawson. Plaintiff DeShanta Brewster worked as an Admissions Director. Her primary duties were to communicate with the hospital and others regarding new patient admissions, review information for potential new patients, oversee admissions marketing, and perform other administrative duties regarding admissions. She was classified as exempt from the overtime requirements of the FLSA and the WOWA and was paid a salary. Plaintiff and Opt-In Plaintiffs, working at the Clawson location, were paid unlawfully late during June of 2022 and/or July of 2022. Plaintiff Brewster was then terminated on July 15, 2022, after she made a complaint about being paid late. At all relevant times, Defendant was, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

**8.      All proposed stipulations.**

A.      The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B.      Plaintiffs' claims under the WOWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' WOWA claims pursuant to 28 U.S.C. § 1367(a).

C.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Michigan has personal jurisdiction over Defendant, and Defendant therefore "resides" in Michigan.

D.      Defendant is a for-profit, domestic limited liability company, created and existing under and by virtue of the laws of the State of Michigan.

E.      Defendant is an "employer" within the meanings set forth in the FLSA and WOWA, and was, at all times relevant to the allegations, Plaintiffs' employer.

F.      As employees of Defendant, Plaintiffs were entitled to the protections of the FLSA during their tenure of employment.

G.      Defendant participated in the management of Plaintiffs' work, including setting and enforcing the number of hours worked, and the amount and manner of compensation paid.

I.      Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

J.      Plaintiff DeShanta Brewster was a salaried employee of Defendant and was at all relevant times classified as an exempt employee by Defendant.

K.      Plaintiff Brewster was routinely required to work in excess of forty (40) hours per week.

L.      Plaintiff Brewster was not and would not have been paid an overtime premium for hours worked in excess of forty (40) in a given week due to Defendant's classification decision.

M.     Plaintiff and Opt-In Plaintiffs working at the Clawson location were paid late during June and/or July of 2022.

N.     Plaintiff Brewster complained to Defendant regarding late pay, then was terminated on July 15, 2022.

**9.     The issues of fact expected to be contested.**

A.     The reasons for late/non-payment.

B.     The reasons for Plaintiff's termination.

**10.     The issues of law expected to be contested.**

A.     Whether Defendant violated the FLSA by not paying Plaintiffs their proper overtime compensation on the regular pay day for the period in which such workweek ends.

B.     Whether Defendant violated the FLSA by not paying Plaintiff Brewster a proper overtime rate for all hours worked in excess of forty per workweek.

C.     Whether Defendant terminated Plaintiff Brewster because she complained about being paid late.

D.     Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiffs as required under the FLSA).

E.     The amount of damages owed to Plaintiff and Opt-In Plaintiffs.

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used if the opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.**

**Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer the following exhibits:

A.      Payroll/earnings records.

B.      Excerpts from Plaintiffs' employee files.

C.      Damage calculations.

Plaintiffs may offer the following exhibits:

A.      Any filed document of record by Defendant in this case;

B.      Any filed document of record by Plaintiffs in this case;

C.      Any and all documents obtained or produced in discovery.

12.      **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call DeShanta Brewster and any Opt-In Plaintiff.

Plaintiffs may call any person identified by Defendant in Defendant's disclosures and discovery responses.

13. **The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

14.      **An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in two days. The proposed stipulations in Paragraph 8 above are offered in order to expedite the disposition of this action.

Respectfully submitted,

**DESHANTA BREWSTER, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Lead Counsel for Plaintiff*

BLANCHARD & WALKER, PLLC
221 North Main Street, Ste. 300
Ann Arbor, Michigan 48104
Telephone: (734) 929-4313
Facsimile: (888) 929-5833

David M. Blanchard
Michigan Bar No. P67190
blanchard@bwlawonline.com
*Local Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the document to which this certificate has been appended was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

William E. Altman, Esq.
Sarah G. Bennett, Esq.
FISHER & PHILLIPS LLP
300 Park Street, Suite 370
Birmingham, MI 48009
(248) 540-8019
sbennett@fisherphillips.com
waltman@fisherphillips.com
Attorneys for Defendant

*/s/ Josh Sanford*
**Josh Sanford**