## **SETTLEMENT AGREEMENT AND RELEASE**

1. This Settlement Agreement and Release ("Agreement") is entered into by and between DeShanta Brewster ("Named Plaintiff"), individually and on behalf of the Opt-In Plaintiffs (together with Named Plaintiff, "Plaintiffs"), and Mission Point Management Services, LLC ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2. Statement of Pending Claims. On September 21, 2022, Named Plaintiff filed the Civil Action, *DeShanta Brewster, et al. v. Mission Point Management Services, LLC*, No. 2:22-cv-1222 (the "Lawsuit") in the United States District Court for the Eastern District of Michigan (the "Court"). In the Lawsuit, Named Plaintiff claims that Defendant failed to timely pay Named Plaintiff and similarly situated employees their proper wages due under the Fair Labor Standards Act ("FLSA"). Named Plaintiff also claims that Defendant misclassified her as exempt from the overtime requirements of the FLSA and the Michigan Workforce Opportunity Wage Act ("WOWA"), and retaliated against her for complaining to Defendant about the perceived issues.

3. Non-Admission. By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to the Plaintiffs, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendant in no way admits to the suitability of this case for collective action litigation other than for purposes of settlement. Settlement of the Litigation and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative or arbitral proceeding; and (c), are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason, except a proceeding to enforce the terms of this Agreement.

4. Payments. In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel the total

sum of **One Hundred Seventy Thousand Dollars** ($170,000.00) ("Gross Settlement Amount"), contingent upon Court approval of the settlement. Defendant shall reissue any lost, stale, or damaged checks one time at no cost upon request from Plaintiffs' counsel. The checks will not be individually sealed. Defendant will pay the Gross Settlement Amount as follows:

    a.    On February 20, 2024, Defendant will issue a check in the amount of $26,541.00, payable to The Sanford Law Firm Trust Account. Defendant will mail said check to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

    b.    Subject to receipt of an IRS Form W-4 signed by DeShanta Brewster, on February 20, 2024, Defendant will cause Trion Solutions, Inc. to issue a check in the amount of Ten-Thousand, Seven Hundred, Fifty-Four dollars and zero cents ($10,754.00), less applicable taxes and withholdings, to DeShanta Brewster, representing consideration for the settlement and release of Named Plaintiff's misclassification and retaliation claims. Defendant will cause said check to be mailed to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

    c.    On March 20, 2024, Defendant will issue a check in the amount of $26,541.00, payable to The Sanford Law Firm Trust Account. Defendant will mail said check to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

    d.    On April 20, 2024, Defendant will issue a check in the amount of $26,541.00, payable to The Sanford Law Firm Trust Account. Defendant will mail said check to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

    e.    On May 20, 2024, Defendant will issue a check in the amount of $26,541.00, payable to The Sanford Law Firm Trust Account. Defendant will mail said check to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

Doc ID: 5ad19ad9464a1e347ff443a9d5d62a541b586d41

f.    On June 20, 2024, Defendant will issue a check in the amount of $26,541.00, payable to The Sanford Law Firm Trust Account. Defendant will mail said check to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

g.    On July 20, 2024, Defendant will issue a check in the amount of $26,541.00, payable to The Sanford Law Firm Trust Account. Defendant will mail said check to counsel for Defendant, Fisher Phillips, c/o William E. Altman, 300 Park Street, Suite 370, Birmingham, MI 48009.

h.    Counsel for Defendant will retain all checks received from Defendant until such time the Court approves this Agreement. After the Court approves this Agreement, counsel for Defendant will release any checks previously received and those received subsequent to approval of this Agreement to the Sanford Law Firm, c/o Josh Sanford, at Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas, 72211.

h.    Should Defendant fail to timely tender any payment, Plaintiffs' counsel will provide Defendant notice and Defendant will have 14 days to cure its default. Notice will be sent by email to counsel for Defendant and two other email addresses to be supplied to Plaintiff's counsel by counsel for Defendant.

i.    $101,000.00, which includes the $10,754.00 referenced in section b above, of the Gross Settlement Amount shall comprise a settlement fund payable to Plaintiffs (the "Settlement Fund") as set forth in Appendix 1 to this Agreement.

j.    $69,000.00 of the Gross Settlement Amount shall be payable to the Sanford Law Firm for attorneys' fees and costs incurred in the Action. Sanford Law Firm, PLLC will provide Defendant with an IRS Form W-9. If the Court requires approval of fees and costs, Defendant shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

Doc ID: 5ad19ad9464a1e347ff443a9d5d62a541b586d41

5. <u>Joint Motion for Approval</u>. Within fourteen (14) days of complete execution of this Agreement, the Parties will file a Joint Motion to Approve Settlement, in a form to be agreed upon by the Parties.

6. <u>Release of Claims for Named Plaintiff</u>. In exchange for the promises contained herein, Named Plaintiff releases and discharges the Defendant, Trion Solutions, Inc., Trion Solutions III, Inc., their representatives and assigns, as well as their predecessors, successors, parents, insurers and subsidiary entities, affiliates, related entities, directors, officers, executive, employees, and attorneys (together "Releasees") from any and all claims and rights of any kind that they may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with his employment with Defendant from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA, the WOWA, or any other applicable federal, state, or local laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs.

7. <u>Dismissal of Lawsuit</u>. Plaintiff agrees to dismiss the Lawsuit with prejudice and without costs or attorney fees to any party within fourteen days of the Court's approval of this approval of this Agreement. The Court shall retain jurisdiction to enforce the terms of this Agreement.

8. <u>Release of Claims for Defendant</u>. Defendant fully, finally, and forever releases and discharges Named Plaintiff from any and all known or unknown causes, claims, or demands which it had or has related to Named Plaintiff's employment with Defendant, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

Doc ID: 5ad19ad9464a1e347ff443a9d5d62a541b586d41

9. <u>Release of Claims for Opt-In Plaintiffs</u>. In exchange for the promises contained herein, Opt-In Plaintiffs hereby fully, finally and forever release and discharge Releasees from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Named Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Opt-In Plaintiffs under the FLSA and WOWA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Michigan, regarding failure to pay minimum wages and/or overtime wages.

10. <u>Covenant Not to Sue</u>. Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

11. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

12. <u>Neutral References</u>. Defendant shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Defendant regarding Plaintiffs, Defendant shall provide the reference within a reasonable time, and shall provide only dates of employment and last position or title.

13. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant. No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment.

14. Each Releasee is a third-party beneficiary of this Agreement for purposes of enforcement of the release provisions in sections 6 and 9 above as well

Doc ID: 5ad19ad9464a1e347ff443a9d5d62a541b586d41

as the covenant not to sue in section 10 above. There are no other third-party beneficiaries of this Agreement.

15. No Assignment. The Named Plaintiff, on behalf of herself and the FLSA Opt-In Plaintiffs, represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit.

16. Headings. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17. Choice of Law. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Michigan, except where the application of federal law applies.

18. Waiver. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

19. Severability. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

20. Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

21. Cooperation and Drafting. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 5ad19ad9464a1e347ff443a9d5d62a541b586d41

- 7 -

| **NAMED PLAINTIFF:** | **DEFENDANT:** |
|---|---|
| *[signature]* | *[signature]* |
| **DeShanta Brewster** | **Mission Point Management Services, LLC** |
| Date: 02 / 07 / 2024 | By (print): Michael R. Wernette, its authorized agent |
| | Date: 2/12/2024 |

- 7 -

Doc ID: 5ad19ad9464a1e347ff443a9d5d62a541b586d41

Appendix 1 - Plaintiff Settlement Allocation

| Name | Allocated Settlement Share for Late Payment | Sum of OT Damages | Sum of Retaliation Damages | Total Payment |
|---|---:|---:|---:|---:|
| Anderson, Justin | 2396.11 | | | $ 2,396.11 |
| Anderson-Ellington, Jacqueline | 1917.78 | | | $ 1,917.78 |
| Arnold, Elleena | 2562.22 | | | $ 2,562.22 |
| Asbury, Susan | 1005.68 | | | $ 1,005.68 |
| Ashley, Lakirah | 1303.26 | | | $ 1,303.26 |
| Boswell, Erica | 2032.46 | | | $ 2,032.46 |
| Brewster, Deshanta | 2477.12 | $ 11,616.01 | $ 10,754.00 | $ 24,847.13 |
| Carland, Brittanie | 2245.79 | | | $ 2,245.79 |
| Carland, Kathryn | 1899.38 | | | $ 1,899.38 |
| Croft, Cris | 2566.55 | | | $ 2,566.55 |
| Currie, Tiffany | 1769.22 | | | $ 1,769.22 |
| Davis, Vashawna | 82.33 | | | $ 82.33 |
| Granberry, Genorise | 2767.52 | | | $ 2,767.52 |
| Grant, Kelly | 1917.79 | | | $ 1,917.79 |
| Henry, Renee | 1820.44 | | | $ 1,820.44 |
| Herrod, Delisa | 1581.64 | | | $ 1,581.64 |
| Hill, Geri | 2756.29 | | | $ 2,756.29 |
| Holmes, Ambra | 650.87 | | | $ 650.87 |
| Huggins, Kristin | 4328.40 | | | $ 4,328.40 |
| Johnson, Julia | 1314.44 | | | $ 1,314.44 |
| Jones, Dewanda | 2341.76 | | | $ 2,341.76 |
| Kisner, Alyssa | 694.69 | | | $ 694.69 |
| Lee, Derrick | 1669.67 | | | $ 1,669.67 |
| Lucy, Irene | 779.03 | | | $ 779.03 |
| Mcgee, Eva | 3206.52 | | | $ 3,206.52 |
| Mcgee, Natashia | 945.36 | | | $ 945.36 |
| Mcgee, Marion | 1157.51 | | | $ 1,157.51 |
| Moore, Jamya | 1917.79 | | | $ 1,917.79 |
| Person, Renee | 2055.29 | | | $ 2,055.29 |
| Quattlebaum, Katrina | 1114.05 | | | $ 1,114.05 |
| Riggins, Jasmine | 1840.54 | | | $ 1,840.54 |
| Smith, Mark | 2529.72 | | | $ 2,529.72 |
| Soora, Balbinder | 1645.47 | | | $ 1,645.47 |
| Talley, Priscilla | 2574.29 | | | $ 2,574.29 |
| Wade, Monica | 2811.29 | | | $ 2,811.29 |
| Walker, Michelle | 1288.76 | | | $ 1,288.76 |
| Welch, Marnie | 1026.45 | | | $ 1,026.45 |
| Williams, Tyara | 1917.79 | | | $ 1,917.79 |
| Williams-Julian, Teresa | 2740.42 | | | $ 2,740.42 |
| Wilson, Kristin | 1917.79 | | | $ 1,917.79 |
| Woodard, Carlyn | 3060.51 | | | $ 3,060.51 |
| **TOTAL** | $ 78,629.99 | $ 11,616.01 | $ 10,754.00 | $ 101,000.00 |