IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESHANTA BREWSTER, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 2:22-cv-12220-MFL-DRG

**MISSION POINT MANAGEMENT SERVICES, LLC**            **DEFENDANT**

**<u>BRIEF IN SUPPORT OF JOINT MOTION FOR
APPROVAL OF COLLECTIVE ACTION SETTLEMENT</u>**

## I.    INTRODUCTION

Named Plaintiff DeShanta Brewster, individually and on behalf of others similarly situated ("Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"), and Defendant Mission Point Management Services, LLC ("Defendant"), by and through their undersigned counsel, jointly seek entry of an Order approving the Parties' Collective Action Settlement Agreement and Release ("Agreement"), which resolves any claims arising out of the alleged failure to timely pay all employees at Defendant's Clawson location their lawful minimum wage and overtime compensation during the months of June 2022 and/or July 2022, the alleged misclassification of Named Plaintiff's employment status, and the alleged retaliation against Named Plaintiff ("Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"). A copy of the Agreement is attached to the Parties' contemporaneously filed Motion as Exhibit 1. The Agreement was reached in compromise of a bona fide dispute between the Parties and was negotiated in good faith.

The Agreement does not primarily concern a settlement regarding lost wages

Page 1 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

Plaintiffs believe they are owed. It is undisputed between the Parties that Defendant ultimately paid Plaintiffs the correct amount of their paychecks in June and July of 2022. However, the Parties disagree as to whether and to what extent Plaintiffs are entitled to liquidated damages for Defendant's alleged delay in tendering Plaintiffs their paychecks.

## II. ARGUMENT

### A. The Standard for Settlement Approval

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-CV-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017) (citing *See Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 1444400, at *1 (E.D. Mich. Jan. 12, 2015); and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (other citations omitted)). In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Williams v. B'nai B'rith Home & Hosp. for the Aged, Inc.*,

Page 2 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

No. 2:19-CV-2522-MSN-ATC, 2020 WL 7755693, at *3 (W.D. Tenn. Sept. 10, 2020) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."). Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B. There is a Bona Fide Dispute Between the Parties

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)) (alteration in original). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.*; *Williams,* 2020 WL 7755693 at *3.

This settlement was reached after exchange of relevant information, including time and payroll data for the relevant time periods, and in the course of arms-length negotiations between experienced counsel. Due to the Parties' reluctance to undergo a lengthy and inherently risky trial process involving analysis of time and pay logs, depositions, further pleadings, a trial, and, potentially, an appeal, they have entered into the Agreement. The Parties have specifically considered the potential value of their claims and defenses and have concluded that the proposed Agreement provides a fair

Page 3 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

and reasonable resolution of the claims. Counsel for the Parties calculated Opt-In Plaintiffs' damages for the late pay violations by analyzing payroll data provided by Defendant.

Given the genuine dispute between the Parties over the merits of the allegations of failure to pay proper overtime wages, the Agreement should be considered a fair, reasonable, and adequate compromise. Moreover, under the Agreement, only employees who have taken steps to join the settlement will waive any rights to pay damages. Thus, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (noting that FLSA collective actions do not implicate the same due process concerns as Rule 23 class actions because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date"), abrogated on other grounds by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

The Parties agree that there is risk for both sides. Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with continued litigation and discovery, dispositive motion practice, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."). The settlement amount reflects a reasonable

Page 4 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

compromise of Plaintiffs' claimed damages.

### C. The Proposed Settlement is a Fair and Reasonable Resolution of the Parties' Dispute

In addition to resolving a *bona fide* dispute between the Parties, the settlement achieved is fair and reasonable and should be approved based on a review of six factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Persinger v. A Gentle Touch Home Care, Inc.*, No. 2:19-CV-02421-ATC, 2020 WL 8093496, at *3 (W.D. Tenn. Sept. 28, 2020); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014); *Green v. Hepaco, LLC*, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014).

First, there is no evidence of, nor was there, any fraud or collusion that occurred between counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk); *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008) ("In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred."). This settlement was reached as a result of arm's length negotiations between the Parties through experienced attorneys, involving a free exchange of payroll data and damages calculations.

Page 5 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

Second, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. *Fitzgerald v. P.L. Mktg., Inc.*, No. 217CV02251SHMCGC, 2020 WL 3621250, at *9 (W.D. Tenn. July 2, 2020) (approving a settlement agreement in part because "[t]he costs, risks, and delay of trial would have been substantial."). If the case had not settled, the Parties would have spent significant time and resources conducting formal written discovery. After the resolution of these issues, the Parties faced the prospect of an expensive, lengthy trial.

Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved in this litigation, preparation for the Parties' settlement negotiations enabled counsel to assess the strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interest. Therefore, the settlement is an informed resolution, with the Parties having obtained information demonstrating that the issues in the case are complex and the cost of litigating further would be substantial. *See Mazariegos v. MemMex, Inc.,* No. 219CV02165SHLTMP, 2019 WL 11583455, at *2 (W.D. Tenn. June 26, 2019) (approving settlement agreement in part because "settlement now will avoid additional expenditures of time and resources through the [] trial date…").

Third, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect, obtain, and review evidence; evaluate their claims and defenses; understand the scope of potential damages; and engage in negotiations with the mutual understanding that continuing toward additional formal

Page 6 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

discovery and completing dispositive motion practice would be a difficult, costly, and uncertain undertaking. The Parties exchanged initial disclosures and made calculations based on the amount of Plaintiffs' late payments.

Fourth, although the Parties disagree on the merits of their respective positions, they each understand that legal questions and facts are genuinely in dispute, and that the probability of Plaintiffs' success on the merits is uncertain. The settlement amount agreed upon between Plaintiffs and Defendant reflects a compromise by both Parties. The amount each Plaintiff will receive is based on Defendant's potential exposure to liquidated damages posed by each Plaintiff's late payment.

Fifth, while the range of possible recovery in this case is uncertain, Plaintiffs are each receiving approximately 47% of the amount of their late payments as liquidated damages. This ratio is a reasonable compromise because Defendant's position was that Plaintiffs were owed nothing in this case. The Parties' primary dispute at trial would have been Plaintiffs' entitlement to liquidated damages, or lack thereof. Defendant would have argued and brought evidence to prove that any delays in payment (which would have been, at most, two days) occurred despite Defendant's good faith attempts to follow the law.

Sixth, during the litigation and settlement of this action, Plaintiffs were represented by counsel both respected in the community and experienced in handling wage and hour actions. Counsel indicate their support for the proposed Agreement by conferring and filing this Joint Motion. Plaintiffs' counsel, Sanford Law Firm, PLLC, has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' attorneys have litigated over 1,300 wage and hour

Page 7 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

lawsuits across the nation, amassing significant experience in employment matters including wage-and-hour class and collective actions in federal courts in numerous states. Plaintiffs' counsel routinely represent employees with claims against employers similar to the claims asserted in this case.

Defendant is represented by Fisher & Phillips LLP, which is similarly experienced at litigating employment disputes generally. Counsel for both Parties have advised their respective clients regarding the settlement, and they have recommended judicial approval: the Court should afford those recommendations some weight. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); *See also Mazariegos*, 2019 WL 11583455 at *2 (approving settlement agreement in part because "counsel for the Parties indicated their support for the proposed Settlement by conferring and filing this Joint Motion"). Under these circumstances, the Agreement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). Under the terms of the Agreement, Plaintiffs' counsel is receiving $69,000.00, an amount that represents 40% of the common fund plus incurred costs, consistent with their written contingency fee agreement with Plaintiffs. This amount has been found to be reasonable in this Circuit. *See Salinas v. U.S. Xpress Enterprises, Inc.*, 1:13-CV-245, 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018); *Brittmon v. Upreach LLC*, 2:17-CV-219, 2018 WL 7889855,

Page 8 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

at *2 (S.D. Ohio Nov. 8, 2018).

Under the terms of the settlement, Defendant will deliver monthly settlement payments to Defendant's counsel for up to six months during the pendency of this Motion, with all payments to be distributed to Plaintiffs and their counsel after the Court's approval. Furthermore, Named Plaintiff is receiving a separate amount in settlement of her claims for misclassification, as well as the amount of her lost wages due to Defendant's alleged retaliation.

### III.     CONCLUSION

This FLSA collective action settlement is a product of arm's length negotiations between counsel, and it resolves a *bona fide* dispute over Plaintiffs' FLSA claims. The settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' Agreement.

Respectfully submitted,

**DESHANTA BREWSTER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 9 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement

*Lead Counsel for Plaintiffs*

BLANCHARD & WALKER, PLLC
221 North Main Street, Ste. 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
Facsimile: (888) 929-5833

*/s/ David M. Blanchard*
David M. Blanchard
State Bar No. P67190
blanchard@bwlawonline.com

*Local Counsel for Plaintiffs*

and   **DEFENDANT MISSION POINT MANAGEMENT SERVICES, LLC**

FISHER & PHILLIPS LLP
300 Park Street, Suite 370
Birmingham, MI 48009
Telephone: (248) 540-8019

Sarah G. Bennett
State Bar No. P85806
sbennett@fisherphillips.com

*/s/ William E. Altman*
William E. Altman
State Bar No. P52788
waltman@fisherphillips.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties.

*/s/ Josh Sanford*
Counsel for Plaintiffs

Page 10 of 10
DeShanta Brewster, et al. v. Mission Point Management Services, LLC
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12220-MFL-DRG
Brief in Support of Joint Motion for Approval of Collective Action Settlement